626 F.2d 1020
 200 U.S.App.D.C. 156
 TENNESSEE GAS PIPELINE COMPANY, a Division of Tenneco, Inc.,
Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent.
TENNESSEE GAS PIPELINE COMPANY, a Division of Tenneco, Inc.
v.
FEDERAL ENERGY REGULATORY COMMISSION et al., Appellants.
 Nos. 77-1511, 79-1524.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued March 13, 1980.
Decided April 25, 1980.
 
 JoAnne Leveque, Atty., Federal Energy Regulatory Commission, Washington, D.C., with whom Howard E. Shapiro, Sol., Federal Energy Regulatory Commission, Washington, D.C., was on the brief, for respondent in No. 77-1511 and cross-appellant in No. 79-1524. John J. Lahey, Atty., Federal Energy Regulatory Commission, Washington, D.C., also entered an appearance for respondent in No. 77-1511.
 Melvin Richter, Washington, D.C., with whom Dale A. Wright, Terence J. Collins and Michael J. McDanold, Washington, D.C., were on the brief, for petitioner in No. 77-1511 and appellee in No. 79-1524. Lilyan G. Sibert, Houston, Tex., also entered an appearance, for appellee in No. 79-1524.
 Before MacKINNON, ROBB and WALD, Circuit Judges.
 PER CURIAM.
 
 
 1
 The single substantive issue raised by this appeal is whether the Economic Stabilization Act of 1970 (ESA), Pub. L. No. 91-379, 84 Stat. 799 (1970) authorizes the Federal Energy Regulatory Commission[1] (FERC) to order refunds of natural gas rates[2] which the Commission determined were allowable under the Natural Gas Act, 15 U.S.C. 717 et seq., but excessive under the Economic Stabilization Act?
 
 
 2
 It must first be determined, however, whether this case is within our statutory jurisdiction to review FERC rate decisions under the Natural Gas Act, 15 U.S.C. 717r(b),[3] or whether the appeal must be reviewed by the Temporary Emergency Court of Appeals (TECA). At oral argument counsel for the FERC conceded that the rate charged by Tennessee Gas was allowable under the Natural Gas Act. Thus, the only residual issue is whether the rate is allowable under the Economic Stabilization Act and that clearly postulates a "controversy arising under . . . " the ESA. The jurisdiction over such appeals is controlled by Section 211(b)(2) of ESA, 12 U.S.C. § 1904 (notes) which provides:
 
 
 3
 Except as otherwise provided in this section, the Temporary Emergency Court of Appeals shall have exclusive jurisdiction of all appeals from the district courts of the United States in cases and controversies arising under this title or under regulations or orders issued thereunder . . .
 
 
 4
 84 Stat. 749 (Emphasis supplied).
 
 
 5
 Since the relevant statute vests "exclusive jurisdiction" of such cases and controversies in the Temporary Emergency Court of Appeals it is the only court that can decide the remaining controverted issue. Properly refined, the question whether this court has jurisdiction over this appeal thus effectively answers itself. And the Commission did file a separate appeal with the TECA which is pending.
 
 
 6
 In addition to the clear language of the statute vesting the TECA with "exclusive jurisdiction" over appeals arising under the designated title, i. e., the Economic Stabilization Act of 1970, 201 et seq., (84 Stat. 749 et seq.), application of ordinary rules of statutory construction would also lead to the same result. The Economic Stabilization Act of 1970 is a "latter law" than the Natural Gas Act and to the extent of any inconsistency between the two statutes, it implicitly restricts 15 U.S.C. § 717r(b), supra, giving the Courts of Appeals jurisdiction in Commission rate cases, since § 717r(b) was enacted in 1938 as part of the Natural Gas Act (52 Stat. 831) and the Economic Stabilization Act was enacted in 1970 (84 Stat. 749). The San Pedro, 2 Wheat. 132, 141, 4 L.Ed. 202 (1817); 2A Sutherland Statutory Construction (Sands 1972) § 51.03, p. 300; Id., 1A, § 23.09, p. 223. The jurisdiction of the TECA derives from the latter statute.
 
 
 7
 Further the Economic Stabilization Act of 1970 and § 211(b)(2), thereof relating to appeals, deals with the matter in "specific" terms that must be taken to preclude a statute dealing with general appeals. Preiser v. Rodriquez, 411 U.S. 475, 489-90, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439, 450 (1973); 2A Sutherland Statutory Construction (Sands, 1972) § 51.05, p. 315. We would intrude upon that specified jurisdiction only in the face of a clear Congressional mandate which is absent here.
 
 
 8
 Accordingly, we dismiss this appeal for lack of jurisdiction.
 
 
 9
 So ordered.
 
 
 
 [1]
 The Federal Energy Regulatory Commission is the successor to the Federal Power Commission
 
 
 [2]
 The rates which the Commission held subject to ESA were charged in 1971
 
 
 [3]
 15 U.S.C. 717r(b) provides:
 (b) Review of Commission order
 Any party to a proceeding under this chapter aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the court of appeals of the United States for any circuit wherein the natural-gas company to which the order relates is located or has its principal place of business, or in the United States Court of Appeals for the District of Columbia, by filing in such court, within sixty days after the order of the Commission upon the application for rehearing, a written petition praying that the order of the Commission be modified or set aside in whole or in part . . . Upon the filing of such petition such court shall have jurisdiction, which upon the filing of the record with it shall be exclusive, to affirm, modify, or set aside such order in whole or in part . . . The judgment and decree of the court, affirming, modifying, or setting aside, in whole or in part, any such order of the Commission, shall be final, subject to review by the Supreme Court of the United States upon certiorari or certification as provided in section 1254 of title 28.