ADELBERT M. BRYAN on behalf of
all others similarly situated,
Plaintiffs

v.

VIRGIN ISLANDS WATER & POWER AUTHORITY, Its
Governing Board, Its Executive Director, Raymond
George, and the Public Services Commission,
Defendants

Civil No. 6/1985

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

June 12, 1986

ADELBERT M. BRYAN, St. Thomas, V.I., *for plaintiff, pro se*

MARIA TANKENSON HODGE, ESQ., St. Thomas, V.I., *for Public Services Commission*

ADRIANE J. DUDLEY, ESQ., St. Thomas, V.I., for *V.I. Water and Power Authority, Its Governing Board, and Its Executive Director, Raymond George*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION

This is an action by a pro se litigant to require the Virgin Islands Water and Power Authority (WAPA) and the Virgin Islands Public Services Commission (PSC) to comply with two 1984 legislative enactments, one to require WAPA to do monthly meter readings and one to require the PSC to implement an inverted rate structure. The defendant WAPA, its governing board and its executive director, Raymond George, have filed a motion for summary judgment, contending they have complied with the law, and the defendant PSC has filed a motion to dismiss. Also pending is a motion of the plaintiff to amend his complaint. The motion of the plaintiff to amend his complaint and WAPA's motion for summary judgment will be granted. The court is inclined to believe that it does not have jurisdiction and that the motion of the PSC to dismiss should be granted. However, because the issue appears to be one of first impression in this jurisdiction and has not been fully briefed, the court will give the plaintiff an opportunity to demonstrate that, in fact, the court does have jurisdiction.

### I

After the plaintiff filed his complaint, the PSC moved to dismiss on jurisdictional grounds and for failure to exhaust administrative remedies, which motion was joined by WAPA. Plaintiff, in

49

response, opposed the motions and also moved to amend his complaint. As a result, the court directed the defendants to file any opposition they had to the motion to amend. Subsequently, the PSC filed an opposition to the plaintiff's motion to amend or, in the alternative, to dismiss for failure to state a claim, contending that the amended complaint did not cure the legal deficiencies previously asserted by the PSC in its initial motion to dismiss. The defendant WAPA also now has filed a separate motion for summary judgment as to the action against it.

■ In response to the motion for summary judgment, as well as the second PSC motion to dismiss, the court entered an order directing the plaintiff to file any opposition he had to the motions. No opposition has been submitted. Consequently, the court will construe the motion for summary judgment as being conceded. 5 V.I.C. App. IV, R. 6(i), 5 V.I.C. App. IV, R. 7 (1982). Although plaintiff has submitted no opposition to the PSC's renewed motion to dismiss, the court will, where appropriate, construe his initial opposition as still being applicable since the defendant PSC relies on many of the same grounds that it asserted in its initial motion.

## II

■ Plaintiff, appearing pro se, has submitted a motion to amend, and Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires." Here, the plaintiff in his amended complaint seeks no new relief, but merely appears to broaden the jurisdictional basis upon which his complaint is founded in an apparent attempt to meet the initial motion to dismiss. Although the amended complaint does not appear to cure the jurisdictional defects, the motion to amend will be granted.

## III

Plaintiff's claim against WAPA, its governing board and its executive director is premised on 30 V.I.C. § 125 (1985 Supp.), which was enacted December 19, 1984. That section requires that "electric power service meters shall be read at least once every month by duly trained personnel of the [Water and Power] Authority." The sole relief plaintiff seeks from WAPA and its agents is a judgment requiring them "to perform their duties by enforcing the monthly reading of electric power service meters" pursuant to § 125.

■ Defendants' summary judgment motion is supported by an uncontested affidavit of Liston A. Gregory as acting director of WAPA. In it he states that WAPA on or about February 3, 1986, "began monthly reading of its customers' electric meters" in compliance with § 125. It appearing, therefore, that there is no material issue of fact with respect to WAPA's compliance with § 125 and that there are no remaining issues, WAPA's motion for summary judgment must be granted.

## IV

Plaintiff in his claim against the PSC seeks compliance with 30 V.I.C. § 15d (1985 Supp.), which became law on October 10, 1984, after an override of a Governor's veto. Section 15d requires the PSC to "establish a standard base rate for the first five hundred (500) kilowatt hours (KWH) of electricity used by a residential customer per month. This standard base rate per KWH shall be sixty percent (60%) of the standard base rate for KWH charged to such customers on September 30, 1984." In addition, the PSC was "authorized and directed to change the rate schedule for all users of electricity to compensate for the reduced standard base rate," and "the standard residential rate established under the act may not be increased until October 1, 1987."

## A.

In its motion to dismiss, the PSC does not contend that it has complied with 30 V.I.C. § 15d. Instead, it contends the complaint as to it should be dismissed because this court lacks subject matter jurisdiction, and the plaintiff has failed to exhaust his administrative remedies.

The PSC's jurisdictional argument is premised on the notion that "the Territorial Court is a court of limited and enumerated jurisdiction." In re Sterilization of A. B., Family No. 4-82 (Terr. Court, St. Croix, August 6, 1985). As such, the PSC argues that this court is vested with jurisdiction only over the specific and selected matters listed in 4 V.I.C. § 76 (1985 Supp.), which does not include the power to issue a writ of mandamus. Finally, the PSC argues that even if this matter is characterized as a civil action, the amount in controversy "would be in excess of five million

dollars ($5,000,000)" and beyond the $200,000 jurisdictional limitation of § 76(a).[1]

The plaintiff, in opposition, correctly notes that before passage of the Territorial Court Act in 1976 the then Municipal Court of the Virgin Islands, pursuant to 4 V.I.C. § 74(4) (1967), had jurisdiction "of all actions for writs of injunction or for relief heretofore available by mandamus." See Farrington v. Houston, 7 V.I. 92 (Mun. Ct. 1969). In addition, he also correctly argues that when the Legislature in 1976 established the Territorial Court in place of the Municipal Court there was no intent to diminish the jurisdiction of the successor court or to preclude the Territorial Court from granting injunctions or writs of mandamus. To the contrary, it has been repeatedly held that this court has the power to grant injunctions. For example, in Richards v. Election Committee of St. Thomas and St. John, 13 V.I. 531, 534 n.4 (Terr. Ct. 1977), it was held that "the intent of the Legislature in adopting [the Territorial Court] Act . . . clearly was to increase the jurisdiction of the new Territorial Court and not to limit or in any way reduce the powers of the former Municipal Court."

■ While § 76 and the Territorial Court Act do not specifically give this court jurisdiction to grant injunctions or relief in the nature of mandamus, 4 V.I.C. § 83 (1985 Supp.) vests this court with power to "issue all writs and make all orders necessary or appropriate in aid of its jurisdiction and agreeable to the usages and principles of law." Sections 76 and 83 of the Territorial Court Act and the express intent of the Legislature to increase the jurisdiction of the Territorial Court from that granted the Municipal Court cause this court to conclude that it clearly has the authority to issue a writ in the nature of a mandamus. That conclusion is bolstered by the general laws of the Virgin Islands regarding the power of the district court to issue mandatory orders "to compel the performance of an act which the law specifically enjoins as a duty resulting from an office." 3 V.I.C. § 1361 (1967).

---

[1] 4 V.I.C. § 76 provides:

> (a) The territorial court shall have original jurisdiction concurrent with that of the district court in all civil actions wherein the matter in controversy exceeds the sum of $500 but does not exceed the sum of $200,000; to supervise and administer estates and fiduciary relations; to appoint and supervise guardians and trustees; to hear and determine juvenile, divorce, annulment and separation proceedings; to grant adoptions and changes of names; to establish paternity; to legitimize children and to make orders and decrees pertaining to support of relations.

While § 1361 speaks only of the district court, by virtue of 5 V.I.C. § 1(b) (1967), § 1361 is made applicable to proceedings in the Territorial Court. See Rouss v. Government, 13 V.I. 203, 209 (Terr. Ct. 1977). Here, the PSC, by the enactment of 30 V.I.C. § 15d, has been given a specific duty. Consequently, unless there is another impediment to this court granting the relief sought, this court has the power to issue a writ of mandamus.

### B.

Although this court has jurisdiction to issue a writ of mandamus, the question remains whether it has the power to mandamus the Public Services Commission to act in compliance with the mandate of 30 V.I.C. § 15d. The court is inclined to conclude that it does not have such jurisdiction because 30 V.I.C. § 34 (1976) provides that "The District Court of the Virgin Islands shall have jurisdiction to hear and determine any appeal from an order or decision of the [Public Services] Commission." Moreover, §§ 34, 35, and 36 of Title 30, which set out in great detail the procedures for reviewing decisions of the Public Services Commission, make it clear that that power to review PSC decisions is vested exclusively in the District Court.

As pointed out, this court's power to issue a writ of mandamus is derived from 4 V.I.C. § 83, which is similar in many respects to the federal All Writs Act, 28 U.S.C. § 1651 (1948), and 3 V.I.C. § 1361, which is virtually identical to the federal mandamus statute, 28 U.S.C. § 1361 (1982). While there appears to be a limited number of reported decisions on the issue, in Telecommunications Research and Action v. Federal Communications Committee, 750 F.2d 70 (D.C. Cir. 1984), it was held that a federal district court did not have jurisdiction to compel the Federal Communications Commission to act where jurisdiction over FCC actions was assigned by statute to the appellate court. Specifically, the court stated:

The District Court also lacks jurisdiction under both the All Writs Act, 28 U.S.C. § 1651(a), and the mandamus statute, 28 U.S.C. § 1361 (1982). The All Writs Act is not an independent grant of jurisdiction to a court; it merely permits the court to issue writs in aid of jurisdiction acquired to grant some other form of relief. See Stern v. South Chester Tube Co., 390 U.S. 606, 608, 88 S.Ct. 1332, 1333, 20 L.Ed.2d 177 (1968); Covington and Cincinnati Bridge Co. v. Hager, 203 U.S. 109, 110, 27 S.Ct. 24, 51 L.Ed. 111 (1906). Because the District Court has no

53

present or future jurisdiction over agency actions assigned by statute to appellate court review, it can contemplate no exercise of jurisdiction that mandamus might aid. The mandamus statute, 28 U.S.C. § 1361, also fails to confer jurisdiction on the District Court to compel agency action. Mandamus is an extraordinary remedy that is not available when review by other means is possible. See, e.g., Kerr v. United States District Court, 426 U.S. 394, 403, 96 S.Ct. 2119, 2124, 48 L.Ed.2d 725 (1976); Council of and for the Blind v. Regan, 709 F.2d 1521, 1533 (D.C. Cir. 1983); In re Halkin, 598 F.2d 176, 198 (D.C. Cir. 1979); Cartier v. Secretary of State, 506 F.2d 191, 199 (D.C. Cir. 1974), cert. denied, 421 U.S. 947, 95 S.Ct. 1677, 44 L.Ed.2d 101 (1975). Because review is available in the Court of Appeals under the special review statute and the All Writs Act, action by the District Court under § 1361 is not.

Telecommunications Research and Action v. Federal Communications Commission, 750 F.2d at 77–78.

The reasoning of the U.S. Court of Appeals also finds support in 6 Wright, Miller, Cooper and Gressman, FEDERAL PRACTICE AND PROCEDURE: Jurisdiction § 3932 (1985). In that authoritative treatise, the question of a lower court's power to grant a mandamus with respect to an application to a United States court of appeals in a case that is subject to direct appeal to the United States Supreme Court is discussed. The authors conclude, "If it is clear that the only opportunity for appellate review is in the Supreme Court, it is appropriate for the court of appeals to conclude that it cannot issue a writ in aid of a non-existent future jurisdiction." Id. at p. 193.

■ Consequently, where, as here, the District Court of the Virgin Islands has exclusive appellate review of decisions of the Public Services Commission, a power that this court has not been granted, this court is inclined to believe that it does not have jurisdiction to issue a writ of mandmus directed to the PSC and that that jurisdiction is vested solely in the District Court. However, because this appears to be a matter of first impression in this jurisdiction and because the issue has not been directly addressed by the parties, the court will grant the parties 30 days from the date of this opinion to state what basis there is for this court to conclude that it has jurisdiction. In the absence of any submissions by the parties, the court will conclude that the parties concede that this court is without jurisdiction and that it rests in the District

Court. In that event the motion of the Public Services Commission to dismiss will be granted.

## C.

Because the court is inclined to conclude that it lacks jurisdiction to issue a mandamus in this proceeding, it does not address the PSC's argument that even assuming that this is a civil action,[2] it is beyond the $200,000 jurisdictional limitation of 4 V.I.C. § 76. Finally, the court also does not reach the PSC's argument that the plaintiff has failed to exhaust administrative remedies provided by 30 V.I.R.&R. § 11–31. That regulation provides:

> Any interested person or public utility may make formal complaint to the Commission with respect to any matters subject to the jurisdiction of the Commission, such as rates or services. Such formal complaint must be in writing, in triplicate, must be sufficiently specific to identify the rate, practice or service complained of, and must specify in what way it is considered unlawful. The Executive Director shall immediately transmit one copy thereof to the public utility involved with direction that, within ten days, the complaint either be satisfied or a reply thereto filed. If not satisfied, the complaint shall thereupon be assigned for formal hearing. The Commission may likewise, on its own motion, institute an investigation of matters subject to its jurisdiction by sending to the public utility a statement of the matters to be considered and determined, and assigning the matter for a formal hearing.

By its very terms, it appears that referring the request of the plaintiff to the "public utility involved," i.e., the Virgin Islands Water and Power Authority, would be an exercise in futility. That agency is powerless to satisfy the complaint at issue here. By virtue of 30 V.I.C. § 15d the Legislature has commanded the Public Services Commission to set the rates and not the Virgin Islands Water and Power Authority. Moreover, it is hornbook law that the inadequacy of an administrative remedy is a sufficient reason for dispensing with the exhaustion requirement where, as here, the

---

[2] The court also does not address whether it is appropriate to consider a petition for a writ of mandamus as being a "civil action" that brings the $200,000 limitation of 4 V.I.C. § 76(a) into consideration. See 14 Wright, Miller, and Cooper, FEDERAL PRACTICE AND PROCEDURE: Jurisdiction § 3655 (1985), and 14A Wright, Miller, and Cooper, FEDERAL PRACTICE AND PROCEDURE, §§ 3703 and 3708 (1985).

Public Services Commission is bound by a statute passed by the Virgin Islands Legislature. See Davis, Administrative Law, § 20.07 (3d Ed. 1972).