**RAFAEL O. JOSEPH, Petitioner**

v.

**GODFREY de CASTRO, Attorney General, JOHN BELL, Director BUREAU OF CORRECTIONS and ISIDORE BELL, Warden, Respondents**

Civil No. 995/88

Territorial Court of the Virgin Islands

Div. of St. Croix

November 21, 1990

WARREN B. COLE, ESQ. (HUNTER, COLIANNI, COLE & TURNER), Christiansted, St. Croix, V.I., *for petitioner*

DARRYL D. DONOHUE, ESQ., Assistant Attorney General (Department of Justice), St. Croix, V.I., *for respondents*

ELTMAN, *Judge*

## MEMORANDUM OPINION

Rafael O. Joseph seeks a writ of habeas corpus to test the propriety of his transfer from the Golden Grove Correctional Facility to a mainland institution. The Government has moved to dismiss the petition on the grounds that the Territorial Court lacks jurisdiction to grant a writ of habeas corpus. For the reasons which follow, the Court concludes (1) that it has subject-matter jurisdiction, and (2) that the exercise of such jurisdiction should be declined because this controversy is more properly heard in the District Court.

## FACTS

In 1973, the petitioner was convicted in the District Court of eight counts of first degree murder, four counts of first degree assault and two counts of robbery. He was sentenced by the District Court to eight consecutive life terms and six concurrent fifteen year terms of imprisonment. Government v. Joseph, Cr. 97/72 (Dist. Ct., St. Croix). Pursuant to then-existing law, Joseph was placed in the custody of the Department of Public Safety. He is now legally in the custody of the Bureau of Corrections. 5 V.I.C. § 4505.

Following his conviction, Joseph was transferred to a federal correctional facility on the mainland, where he remained until November 19, 1984, at which time he was returned to his native St. Croix and incarcerated at Golden Grove Adult Correctional Facility. He remained here until March 21, 1986, when he was transferred back to the Federal Correctional Facility at Lompoc, California. By way of

this petition for a writ of habeas corpus, Joseph contends that his removal from Golden Grove and transfer back to the mainland was illegal. The Government has moved to dismiss the petition on the grounds that the Territorial Court lacks jurisdiction.

## DISCUSSION

■■ The Territorial Court is vested with civil jurisdiction, concurrent with that of the District Court, and circumscribed by a $200,000.00 monetary limit. Tit. 4 V.I.C. § 76(a).[1] Its general equitable power is well-established. Bolling v. Commissioner of Education, 14 V.I. 111, 114 (Terr. Ct. St. Croix, 1977); Bryan v. V.I. Water and Power Authority, 22 V.I. 48 (Terr. Ct., St. Thomas/St. John, 1986). Cf., also, In re Loubriel, 6 V.I. 542, 543 (Terr. Ct., St. Croix, 1967) (writ of habeas corpus granted in child custody case). The Government contends, however, that the power to grant a writ of habeas corpus rests exclusively with the District Court, pursuant to 5 V.I.C. § 1303.[2]

Section 1303 merely authorizes the District Court to grant a writ of habeas corpus; it does not specifically withhold such power from the Territorial Court. Moreover, § 1303 appears to be anachronistic and obsolete. Although codified along with the rest of the modern Virgin Islands Code in 1957 (Act No. 160), § 1303 is based upon the 1921 Codes which predate the creation of either the former Municipal Court or the current Territorial Court. Under the 1921 Codes, the judiciary consisted of a District Court, Police Court, Juvenile Court and District Court Commissioner. Each Police Court had jurisdiction only within its sub-judicial district, of which there were three: Charlotte Amalie, Christiansted and Frederiksted. The judge of the District Court was empowered, with the consent of the Governor, to create additional police courts. Revision Note, 4 V.I.C. § 2. Thus, the scheme upon which § 1303 rests is one of far greater relative jurisdiction of the District Court *vis a vis* inferior courts than exists under the present system.

---

[1] The Territorial Court is presently scheduled to assume unlimited and exclusive jurisdiction over local matters on October 1, 1991, Act Feb. 1, 1985 No. 5040, amended by Act Oct. 14, 1986, No. 5206, and Act Aug. 23, 1990, No. 5594.

[2] 5 V.I.C. § 1303:
Power to grant writ.
The writ of habeas corpus may be granted by the district court, upon petition by or on behalf of any person restrained of his liberty.

16

■ Even if § 1303 were in itself a bar to the Territorial Court' s habeas corpus jurisdiction, that impediment was removed by the enactment in 1977 of 4 V.I.C. § 83, which provides, in relevant part, that the Territorial Court "may issue *all* writs and make *all* orders necessary or appropriate in aid of its jurisdiction and agreeable to the usages and principles of law." (Emphasis added.) Bryan v. V.I. Water and Power Authority, supra (Territorial Court has mandamus jurisdiction). Tit. 4 V.I.C. § 83 effected a repeal by necessary implication of the exclusivity which the Government claims § 1303 grants to the District Court. Sutherland Statutory Construction (Callaghan 1985), §§ 23.09, 23.13; Tennessee Gas Pipeline Co. v. Federal Energy Regulatory Commission, 626 F.2d 1020 (C.A.D.C. 1980).

■ The Government also argues that the power to grant a writ of habeas corpus remains solely with the sentencing court. That correct statement of law would be germane were this a petition challenging the legality of the sentence or the underlying conviction. Crismond v. Blackwell, 333 F.2d 374, 377 (3d Cir. 1964); United States v. Davis, 212 F.2d 681, 683 (3d Cir. 1954). However, Joseph does not question either his conviction or his sentence. He seeks neither release nor reduction in sentence. Rather, he attacks what he claims was his impermissible transfer from a Virgin Islands institution to a stateside penitentiary. Indeed, his current position, advocated through counsel,[3] is that his pro se pleading not be viewed as a true habeas corpus petition. He asks the Court to liberally construe the pleading as a general civil action for the enforcement of certain statutory and constitutional rights. From that perspective, the Government's objections become moot.

Upon the conclusion that there is no jurisdictional impediment, the issue becomes whether, in view of the nexus between the petitioner and the District Court, the Territorial Court should decline to consider this matter on the grounds of comity.

■ Comity is not a rule of law but an exercise of discretion by which a court, favoring convenience and expediency, defers to another tribunal. Donovan v. City of Dallas, 377 U.S. 408, 84 S.Ct. 1579, 1582, 12 L.Ed.2d 409 (1964); I. J. A. Inc. v. Marine Holdings Ltd., Inc., 546 F.Supp. 608, 610 (E.D.Pa. 1981). Ehrlich-Bober & Co., Inc. v. University of Houston, 404 N.E. 2d 726 (N.Y. 1980). In the interest of orderly procedure, the court which first exercises jurisdiction over

---

[3] Counsel was appointed following the pro se filing of the petition.

a controversy should maintain jurisdiction over subsequent related actions. Coates v. Ellis, 61 A.2d 28, 30 (D.C. 1948). Principles of comity require the Territorial Court to abstain from exercising its jurisdiction once the District Court has acted. Creque v. Creque, 19 V.I. 408, 413 (Terr. Ct. 1983); Bergen v. Bergen, 8 V.I. 336, 347, 439 F.2d 1008, 1013 (3d Cir. 1971).

■■ The Court must stretch somewhat the traditional meaning of comity in order to justify declining to exercise jurisdiction in this instance. There is no action presently before the District Court which this matter would duplicate. The District Court and the Territorial Court are not in a federal-state relationship,[4] nor does this situation involve courts of concurrent jurisdiction in different locations. Nevertheless, judicial economy and practicality require that Joseph seek redress in the District Court.

The petitioner was one of five defendants in an infamous criminal case whose effects upon this community linger still. He and his codefendants were tried in the District Court and were sentenced by the District Court in a prolonged, complex and contentious proceeding with multiple collateral aspects. Cf., Ali v. Gibson, 16 V.I. 426 (D.V.I. 1979), reversed, 631 F.2d 1126 (3d Cir. 1980), cert. denied, 101 S.Ct. 951 (cites omitted) (1981), Gereau v. Henderson, 526 F.2d 889 (5th Cir. 1976. Government of the Virgin Islands v. Gereau, 12 V.I. 212 (3d Cir. 1975); Ratner v. Young, 465 F.Supp. 386 (D.V.I. 1979). The District Court has considered habeas corpus petitions by at least two of the other defendants. Ali v. Gibson, supra and Gereau v. Henderson, supra.

■ While Joseph does not dispute his conviction or sentence at this juncture but rather the conditions of his confinement, his grievance has its roots in the District Court criminal case. It is neither in the public interest nor consistent with the sound administration of justice for the Territorial Court to rule upon the propriety of the transfer of a prisoner serving a sentence for crimes which were never tried in the Territorial Court and over which the Territorial Court never had subject-matter jurisdiction.

In summary, while the Court finds that it has jurisdiction to decide this petition for a writ of habeas corpus, it declines to exercise its jurisdiction. Accordingly, the petition will be dismissed.

---

[4] The District Court of the Virgin Islands does not have federal habeas corpus jurisdiction. Title 28, U.S.C., §§ 2241 and 2255, and Bennett v. Soto, 850 F.2d 161, 163 (3d Cir. 1988).

## ORDER

In accordance with the memorandum opinion of even date, it is hereby

ORDERED that the respondents' motion to dismiss is hereby granted.