UNITED STATES of America
v.
Francisco **TOSCANINO**, Defendant.
No. 73 CR 194.

United States District Court,
E. D. New York.

July 10, 1975.

Thomas Puccio, Asst. U. S. Atty., Eastern District of New York, Brooklyn, N. Y., for United States.

Ivan Fisher, Fisher, Rosner & Schribner, New York City, for defendant.

Memorandum of Decision and Order

MISHLER, Chief Judge.

The undersigned denied defendant's motion to dismiss the indictment on jurisdictional grounds on the authority of *Ker v. Illinois*, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886), and *Frisbie v. Collins*, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952). The only point raised on appeal was the jurisdictional claim. In directing the remand, the Second Circuit Court of Appeals at 500 F.2d 267, 281 (2 Cir.) said:

> ". . . Our remand should be construed as requiring an evidentiary hearing with respect to Toscanino's allegations of forcible abduction only if, in response to the government's denial, he offers some credible supporting evidence, including specifically evidence that the action was taken by or at the direction of United States officials. Upon his failure to make such an offer the district court may, in its discretion, decline to hold an evidentiary hearing."

The court directed the defendant to submit credible evidence supporting the claim that his alleged abduction "was

taken by or at the direction of United States officials." After a number of extensions of the date fixed for submitting his proof, defendant submitted an eleven-page affidavit on June 27, 1975. In his affidavit, defendant alleges that he was abducted from his home in Montevideo, Uruguay on January 6, 1973, by members of the Uruguarian police, who were disguised as guerilla fighters. It is then alleged that this group crossed the Brazilian border. Defendant says he was lodged in a prison cell in the City of Porto Alegre, and apparently turned over to the Brazilian police. The affidavit alleges that he was then taken to a prison in Brazilia where he was alternately interrogated and tortured. The affidavit relates that he was then taken to an office where "high police or army officials" were present, and he was then told that they had made a mistake. According to defendant, these officials advised him that he could not return to Uruguay, but that he could return to Italy. He claims that he was sedated and flown to the United States in the company of two Brazilian policemen. When he arrived in the United States, he was placed in the custody of special agents of the Drug Enforcement Administration.

Assuming all the allegations of the affidavit to be true, there is no claim of participation by United States officials in the abduction or torture of the defendant. The defendant has not submitted any credible evidence which would indicate any participation on the part of United States officials prior to the time the defendant arrived in this country. Nor is there any evidence which shows that the abduction was carried out at the direction of United State officials.

The court declines to hold an evidentiary hearing.

The motion to vacate the judgment of conviction and dismiss the indictment on jurisdictional grounds is in all respects denied, and it is

So ordered.