**Juan Ramon MATTA–BALLESTEROS, on the relation of Martin R. STOLAR, his attorney, Petitioner,**

v.

**Gary L. HENMAN, Warden, United States Penitentiary at Marion, Illinois, Respondent.**

No. 88–3267.

United States District Court, S.D. Illinois.

May 25, 1988.

Martin R. Stolar, New York City, Michael D. Abzug, Los Angeles, Cal., Adolfo Z. Aguila, Miami, Fla., for petitioner.

John L. Kuray, Narcotic & Dangerous Drug Section, Dept. of Justice, Washington, D.C., Ralph M. Friederich, Asst. U.S. Atty., East St. Louis, Ill., for respondent.

## MEMORANDUM AND ORDER

STIEHL, District Judge:

Before the Court is an application for a preliminary injunction filed on behalf of Juan Ramon Matta–Ballesteros, a detainee at the United States Penitentiary, Marion, Illinois, which is located within this district. Matta has filed a petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He also requests that the Bureau of Prisons be enjoined from transferring him from the Marion facility pending the resolution of his habeas petition, claiming that a failure to do so will require Matta to litigate the issues raised in a number of different jurisdictions where he is subject to prosecution.

In his habeas petition, Matta, a resident of Honduras, challenges the legality of his custody, and claims that he was illegally and unconstitutionally kidnapped from his home in Tegucigalpa, Honduras. The petitioner alleges that, among others, agents of the United States directed and participated in his forcible removal to the United States, and that Matta was tortured by his captors enroute to this country. Matta asks the Court to order his release.

## FINDINGS OF FACT

1. Petitioner is currently incarcerated at the United States Penitentiary at Marion, Illinois.

2. Petitioner in 1971, was incarcerated at the United States Prison Camp at Eglin Air Force Base, Florida where he was serving a sentence for violating the United States' passport laws. Petitioner did not complete service of that sentence.

3. Petitioner was removed from his home in Honduras, and transported to the United States against his will in early April, 1988.

4. Petitioner faces charges under five separate indictments in four different federal districts throughout the United States; four of the indictments involve drug-related offenses, and the fifth is for his alleged escape from imprisonment at Eglin.

5. Petitioner has retained attorneys in New York, Los Angeles, and Miami, as well as in the Southern District of Illinois.

## PRELIMINARY INJUNCTION STANDARD

The key case in this circuit on the standard for injunctive relief is *Roland Machinery Co. v. Dresser Industries, Inc.*, 749 F.2d 380 (7th Cir.1984). While there are more recent cases, i.e. *American Hospital Supply v. Hospital Products, Inc.*, 780 F.2d 589 (7th Cir.1986) and *Lawson Products, Inc. v. Avnet, Inc.*, 782 F.2d 1429 (7th Cir.1986), *Roland Machinery* acts as the foundation upon which these cases build their decisions.

For a petitioner to be entitled to a preliminary injunction, he must show five things: (1) that he has no adequate remedy at law, (2) that he will suffer irreparable harm if the injunction is denied, (3) that the harm potentially suffered by the petitioner if the injunction does not issue is greater than the harm the respondent will suffer if the injunction is granted, (4) that the petitioner has a reasonable likelihood of success on the merits, and (5) that the injunction will

not harm the public interest. *Roland Machinery.*

## LACK OF ADEQUATE REMEDY AT LAW

■ It is apparent Matta is seeking to enjoin his transfer from this district pending the resolution of his habeas petition, because it would be logistically and financially burdensome to pursue his claim in each federal district in which he faces an indictment. This concern notwithstanding, Matta failed to show that he lacks an adequate remedy at law. In fact, each district court in which an indictment is pending provides petitioner with a forum in which to redress his grievance as to each indictment. Moreover, these courts provide potentially adequate remedies in that they have the jurisdiction to dismiss the indictment before them. The fact that this Court is more convenient to act as a sort of "clearinghouse" for the petitioner's claims does not make this Court the only forum that can provide an adequate remedy at law. The districts in which indictments are pending in fact do provide adequate, albeit inconvenient and time-consuming, remedies at law.

## IRREPARABLE HARM

The petitioner must also show that he will suffer irreparable harm if the injunction is not issued. Matta appears to state that the logistic and economic burden to him that will occur if he is required to contest his removal and detention in every district where an indictment is pending constitutes irreparable harm. At the onset, the Court notes that any logistic burden will be borne largely by the government. Matta has retained attorneys in New York, Los Angeles, and Miami, as well as in this district. The attorneys located outside this district are closer to the districts in which indictments are pending than any is to the Southern District of Illinois.

Due to the fact that the actions pending against Matta are criminal in nature, the Court recognizes that the economic injury he would suffer if the injunction does not issue most likely could not be redressed.

The Court acknowledges an economic injury that may not be redressed may constitute irreparable harm; however, it must reject Matta's claim in this action, as it presents no more than the speculation of potential economic injury. The potential of economic outlay, alone, is insufficient to establish irreparable harm.

Moreover, the Court is not persuaded that immediately upon denial of the injunction the various courts with indictments pending against Matta will begin their prosecutions, thus subjecting him to the requirement of simultaneous or consecutive defenses.

A preliminary injunction is, by its nature, an extraordinary remedy. This Court, therefore, requires more than mere speculation of irreparable harm to afford the applicant such an extraordinary remedy. Furthermore, failure to enjoin petitioner's transfer will not affect this Court's jurisdiction to review the petition for writ of habeas corpus and make a determination as to the merits of the petitioner's habeas claims.

## BALANCE OF HARMS

In balancing the harm to the petitioner and the harm to the respondent, a court undertakes to minimize error, and the effect of those errors, should the court be mistaken in its ruling. *American Hospital Supply,* 780 F.2d at 594. While courts generally do not speak of balancing irreparable harms during this phase of the examination, it is implicit that for the harm to be considered it must be irreversible, for if harm could be rectified by final judgment, failure to issue the injunction will not effectively harm the party. *Roland Machinery,* 749 F.2d at 387.

The Court has already determined that Matta's logistic and economic burdens are insufficient to support a claim of irreparable harm. The government has similarly shown limited irreparable harm to it should the injunction issue. The question of fading witness' memories is largely speculative, and does not rise to the level of irreparable harm. Bearing in mind that the Court is concerned only with the period

between now and a ruling on the merits of the habeas claim, the Court finds that these interim harms are insufficient to be considered irreparable. For this reason, the balance of harms does not weigh in favor of the petitioner.

## LIKELIHOOD OF SUCCESS ON THE MERITS

■ The general rule is that an allegedly illegal arrest, or forcible abduction by authorities, will not provide grounds for dismissal of an indictment. *United States v. Yunis*, 681 F.Supp. 909, 918 (D.D.C.1988); *Frisbie v. Collins*, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952); *Ker v. Illinois*, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886). Petitioner, however, argues that his claim falls within the exception to this rule·set out by the Second Circuit in *United States v. Toscanino*, 500 F.2d 267 (2d Cir.1974), which held that a court must "divest itself of jurisdiction over the person of a defendant where it has been acquired by the deliberate and unreasonable invasion of the accused's constitutional rights," *Id.* at 275; specifically, dismissal is warranted when the defendant has been abducted abroad and tortured in a manner that shocks the court's conscience. The reasoning in *Toscanino* has since been limited by the Second Circuit, *See United States ex rel. Lujan v. Gengler*, 510 F.2d 62 (2d Cir.), *cert. denied*, 421 U.S. 1001, 95 S.Ct. 2400, 44 L.Ed.2d 668 (1975), but most circuits have at least acknowledged the *Toscanino* exception. *See Yunis*, 681 F.Supp. at 919–20 (collecting cases). In *United States v. Marzano*, 537 F.2d 257 (7th Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 734, 50 L.Ed.2d 749 (1977), the Seventh Circuit declined to decide whether it would adopt the rule in *Toscanino*. *Marzano*, 537 F.2d at 272. Finally, although *Toscanino* involved the alleged abduction and torture of a defendant to stand trial, at least one Circuit Court has considered the *Toscanino* rule in a case involving the re-apprehension of an escapee from a federal penitentiary. *United States v. Herrera*, 504 F.2d 859, 860 (5th Cir.1974) (affirming conviction on a finding that *Toscanino* was factually distinguishable).

The Court is unaware of any case in which a prisoner was freed under the *Toscanino* exception. *See United States v. Toscanino*, 398 F.Supp. 916 (E.D.N.Y.1975) (on remand, court declined to hold evidentiary hearing; defendants failed to make a claim of participation by government agents in abduction or torture). As the petitioner has failed to make the required showings of a lack of an adequate remedy at law, and irreparable harm should the injunction not issue, it is unnecessary to determine petitioner's likelihood of success on the merits.

## PUBLIC POLICY

For the same reasons, it is not necessary for the Court to address the issue of public policy concerns, and the Court makes no determination as to that issue.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2241.

2. The petitioner has failed to establish that he lacks an adequate remedy at law should the injunction not issue. He may move to dismiss any indictment pending against him, and each district in which an indictment is pending provides an adequate forum for his claims. Further, this Court retains jurisdiction over his habeas petition.

3. The petitioner has failed to show that he has or will suffer irreparable harm should the injunction not issue. Mere speculation as to potential economic expenses cannot, standing alone, constitute irreparable harm.

4. As the petitioner has failed to show irreparable harm exists, the balancing of harms cannot, therefore, weigh in petitioner's favor.

5. The Court makes no ruling on petitioner's likelihood of success on the merits, reserving the ruling for the Court's threshold review of the petition for writ of habeas corpus.

6. The Court makes no ruling as to the public policy considerations.

## SUMMARY

Accordingly, the Court hereby DENIES petitioner's application for Preliminary Injunction and, further, DISSOLVES the Temporary Restraining Order heretofore issued.

IT IS SO ORDERED.