**RAPHAEL O. JOSEPH, Plaintiff/Appellant**

**v.**

**GODFREY de CASTRO, Attorney General, JOHN BELL, Director of BUREAU OF CORRECTIONS and ISIDORE BELL, Warden, Defendants/Appellees**

Civil No. 1991/0026

District Court of the Virgin Islands

Div. of St. Croix

September 25, 1992

WARREN B. COLE, ESQ. (HUNTER, COLIANNI, COLE & TURNER), Christiansted, St. Croix, V.I., *for appellant/plaintiff*

ROBERT W. BORNHOLT, Assistant Attorney General (Department of Justice), St. Thomas, V.I., *for defendants/appellees*

BEFORE STANLEY S. BROTMAN,* *Acting Chief Judge*, District Court of the Virgin Islands, *Judge* of the United States District Court for the District of New Jersey, Sitting by Designation; Anne E. Thompson, *Judge* of the United States District Court for the District of New Jersey, Sitting by Designation; and Ive A. Swan, *Judge* of the Territorial Court of the United States, Virgin Islands, Sitting by Designation

---

* At the time this appeal was heard Judge Stanley S. Brotman was sitting by designation as Acting Chief Judge for the District Court of the Virgin Islands.

## OPINION OF THE COURT

## I. PROCEDURAL BACKGROUND

Appellant Raphael O. Joseph ("Joseph"), convicted and sentenced for local crimes by the District Court of the Virgin Islands, Division of St. Croix, appeals from the decision of the St. Croix division of the Territorial Court dismissing his petition for habeas corpus relief.

Appellant is presently confined at the federal penitentiary in Lompoc, California. He was convicted on eight counts of first degree murder for his participation in the Fountain Valley Murders which took place in 1972, and was sentenced to eight consecutive life sentences. After his conviction, he was transferred to a federal correctional facility on the mainland of the United States and remained there until 1984 when he was transferred to the Golden Grove Adult Correctional Facility on St. Croix. In March of 1986, however, the petitioner was transferred from Golden Grove to the Federal Correctional Facility in Lompoc, California under the authority of IA V.I. CODE ANN. tit. 5, §§ 4503(c) and 4505.[1]

Joseph challenges the later transfer to an off-island penitentiary by way of a petition for habeas corpus filed November 1988, in the Territorial Court on St. Croix, pursuant to IA V.I. Code Ann. tit. 5, § 1301 et seq. In his petition, Joseph asserted the following: one, that the transfer was in violation of his statutory and constitutional rights in that he was not afforded a proper hearing prior to being transferred; and two, that the transfer was in violation of 5 V.I.C. § 4503(c) which provides that a Virgin Islands' prisoner should not be transferred to a mainland facility unless the Bureau of Corrections finds that his detention in the Virgin Islands is "inadequate to serve the best interests or the general welfare of the Territory." Joseph asked the Territorial Court to construe his pleading, not as a true habeas petition attacking the validity of his sentence, but as a civil matter attacking the manner in which the sentence was being executed by the Virgin Islands Bureau of Prisons.

---

[1] Pursuant to section 4503(c), which was amended in 1987 to substitute "Attorney General" for "Director," the Attorney General for the Virgin Islands is authorized to utilize federal prison facilities, in accordance with an agreement between the Virgin Islands and the United States Justice Department, "when the Attorney General [formerly the Director of Corrections] determines that detention and/or correctional facilities within the Virgin Islands are inadequate to serve the best interests of the inmate or the general welfare of the territory."

In addition, under section 4505 the Attorney General, prior to 1987 the Director of Corrections, is authorized to "transfer an inmate from one institution to another, consistent with the commitment and in accordance with treatment, training and security needs." See 5 V.I.C. § 4505.

Appellees moved for dismissal of the petition stating that the Territorial Court lacks subject matter jurisdiction over the matter because 5 V.I.C. § 1303 "specifically vests the District Court with authority to grant writs of habeas corpus."[2] Appellees argue that the matter properly belonged in the District Court where appellant, along with four other defendants, was tried and sentenced. Finally, appellees argue that appellant's co-defendants all filed similar habeas corpus motions with the district court and that the appellant's decision to file his motion with the Territorial Court constituted "forum shopping" since he was aware of the adverse resolution of his co-defendants' petitions in District Court.

The Territorial Court found that it had subject matter jurisdiction to entertain the petition. However, the court dismissed the petition, and on principles of comity declined to exercise this jurisdiction, reasoning that the matter should properly be brought in the District Court where the appellant was tried and sentenced.

On appeal we are asked to decide whether the Territorial Court had jurisdiction over this matter and whether the judge erred in declining to exercise its jurisdiction over the petition for habeas corpus. We agree with the trial court's ultimate conclusion and will therefore affirm the dismissal. However, we feel constrained to clarify the question of whether the District Court or the Territorial Court has jurisdiction over this habeas petition. We find that, where as here the petitioner was convicted, sentenced and committed by the District Court of the Virgin Islands for local crimes in accordance with its congressionally mandated responsibility and under the law of the Virgin Islands, the District Court is the most appropriate forum, if not the exclusive forum, for consideration of the petition, even though that petition challenges the legality of the decision of the local prison administration to transfer the petitioner from a local correctional facility to a federal facility on the mainland of the United States.

---

[2] Section 1303. Power to grant Writ

The writ of habeas corpus may be granted by the district court, upon petition by or on behalf of any person restrained of his liberty.

## II. DISCUSSION

A. *Jurisdiction and Scope of Review*

 Because the issues raised in this action involve the construction of local law, strict de novo review is required. This court has jurisdiction over this appeal pursuant to 46 U.S.C. § 1613 (1984).

### 1. *Nature of the Petition*

 As an initial matter, we will dispose of the question whether the petitioner's plea for relief should be construed as a habeas petition or as a civil action requiring the exercise of the court's equitable powers. In its supplemental brief to the Territorial Court and on appeal, petitioner states that properly construed his motion is not a habeas corpus petition, but a civil action for declaratory and injunctive relief which calls for the exercise of the court's equitable powers. Joseph's plea for relief raises a constitutional challenge to the Virgin Islands' prison administrative decision to transfer him from the correctional facility on St. Croix to a mainland facility. The gravamen of petitioner's challenge is that he was denied his constitutional right to due process when the removal to the mainland facility was effected. Ultimately, Joseph seeks the right to serve the remainder of his sentence in an on-island correctional facility. We do not see this question as one turning on whether the action should be characterized as a civil action, since it is settled law that the habeas petition is civil in nature. See Helfin v. United States, 358 U.S. 415, 418, 79 S. Ct. 451, 3 L. Ed. 2d (1959), overruled on other grounds by Peyton v. Rowe, 391 U.S. 54, 88 S. Ct. 1549, 20 L. Ed. 2d 426 (1968) (A petition for a writ of habeas is not a proceeding in the original criminal action but an independent civil suit.).

 It is well established that a proceeding in habeas sounds when the claim is a challenge to the lawfulness of the confinement of the individual in custody. In Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the majority, speaking through Justice Stewart, concluded that "when a state prisoner is challenging the very *fact* or duration of his physical imprisonment, and the *relief he seeks* is a determination that *he is entitled to immediate release* or speedier release *from that imprisonment,* his sole federal remedy is a writ of habeas corpus." Id. at 500 (emphasis added). Here, the petitioner is attacking as illegal, the *fact* of his confinement at an off-island Federal Correctional Institution (FCI). Petitioner claims that his confinement at the FCI is unlawful because the administra-

tive action effecting his transfer to the FCI did not comport with duo process guarantee of the Constitution. Though Petitioner's plea is not for permanent discharge from confinement, Joseph seeks release from his present confinement at the FCI and transfer to a Virgin Islands correctional facility. So construed, Joseph's claim falls within the Preiser contours for habeas relief.

The dissent questions the view of the instant action as one for habeas corpus relief. It contends that the petitioner's suit cannot be a suit for a writ of habeas corpus, because the allegations of his complaint are not based on his being "unlawfully imprisoned or restrained of his liberties." Dissenting Opinion, at 6. This conclusion is supported primarily by an application of the holding in Pierre v. United States, 525 F.2d 933, 935 (5th Cir. 1976), wherein the Fifth Circuit specifically limited its review to the narrow question "whether, in a suit seeking habeas corpus relief, the court has jurisdiction under its general equitable powers to entertain an application for a mandatory injunction to require collateral administrative action independent of, and unrelated to, the issue of the legality of petitioner's custody." We find Pierre, an Immigration and Naturalization Service case involving the detention of Haitian citizens seeking political asylum and prospective relief, inapposite.

The dissent argues that Joseph's claim is one for injunctive relief (that is, mandamus) to compel his re-transfer to a Virgin Islands correctional facility. We disagree; though we do not dispute the dissent's contention that depending on the factual allegations, a prisoner action may be properly brought for declaratory and injunctive relief, as well as habeas corpus relief. See Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Indeed, it may be argued that the Supreme Court in Preiser, contemplated that in some situations habeas corpus would be a prisoner's exclusive remedy, but an alternative or unavailable remedy in others. 411 U.S. at 499, ("a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to conditions of his prison life, but not to the fact or length of custody." However, "[t]his is not to say that habeas corpus may not also be available to challenge such prison conditions.") (citations omitted).

■ The question remains whether the petitioner is restricted to habeas corpus as his sole remedy. The dissent emphasizes the fact that petitioner "does not challenge his conviction, his present incarceration, confinement, or restraint, nor does he challenge his

302

sentence." Dissent at 3. But, as we have shown, the petitioner does challenge his 'present incarceration' at the FCI and seeks release from that allegedly illegal incarceration. Like Joseph, the wrong alleged by the petitioners in Preiser and Ali v. Gibson was not an unlawful conviction or incarceration. Rather, the claims were construed as challenges to the terms and conditions of confinement.[3] Therefore, inasmuch as Joseph's challenge is to the *terms or conditions of confinement*, that is, the legality of his confinement at a particular institution, his claim may be placed squarely within the scope of habeas corpus.[4]

■■ Moreover, under Preiser the determinative factor is the relief sought and not the underlying wrong alleged. Here, even if we were to say that habeas is not the sole remedy available to petitioner, it does not follow that a writ of mandamus would lie. A

---

[3] In Preiser the alleged wrong was the unconstitutional disciplinary procedure that deprived the petitioners of good-time credits, a benefit under state law that could not be denied without due process. In Ali, the alleged wrong was not unlawful conviction or incarceration, but that his transfer to an Atlanta Prison was unlawful in that it constituted cruel and unusual punishment in violation of the Eighth Amendment of the Constitution. Ali, 572 F.2d at 972. Indeed, in summarizing Ali's claims, which included a request for "injunctive relief to be entered and for an order to transfer him back to the Virgin Islands, the Third Circuit said that "all of these claims are in essence tied to the theory that petitioner's imprisonment in Atlanta was made unlawful" by the law of the Virgin Islands because the V.I. Code limits the authority to transfer to when it is in the "best interest of the inmate." [It is clear that stripped to its essence Joseph's petition is indistinguishable from that in Ali.]

[4] In Preiser the Supreme noted that the habeas corpus petition has undergone considerable evolution beyond the traditional and limited application to proceedings brought to secure an individual's release from illegal custody:

[O]ver the years, the writ of habeas corpus evolved as a remedy available to effect discharge from any confinement contrary to the Constitution or fundamental law . . .

411 U.S. at 485 (citations omitted). The Court went on to list specific points in this development:

Thus, whether the petitioner's challenge to his custody is that the statute under which he stands convicted is unconstitutional, as in Ex Parte Siebold, supra; that he has been imprisoned prior to trial on account of defective indictment against him, as in Ex Parte Royall, 117 U.S. 241 (1886); *that he is unlawfully confined in the wrong institution,* as in In Re Bonner, 151 U.S. 242 (1894), . . .—in each case his grievance is that he is unlawfully subjected to physical restraint, and in each case *habeas has been accepted as the specific instrument to obtain release from such confinement.*

Preiser v. Rodriguez, 411 U.S. at 486 (emphasis added).

court's power to mandamus is invoked to compel an officer or employee or agency of government to *perform a duty owed* to a petitioner. As explained later, the writ of mandamus in some circumstances may issue in aid of a court's jurisdiction. Indeed, as the Supreme Court has instructed, the peremptory writ of mandamus is an extraordinary remedy to be afforded only in exceptional circumstances. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980); Will v. United States, 389 U.S. 90, 95, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967). In addition, the party seeking mandamus must demonstrate that its right to issuance of the writ is 'clear and indisputable'." See Will v. United States, 389 U.S. at 96.[5]

■ In sum, we agree with the dissent that the Supreme Court's ruling in Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed. 2d 439 (1973) is "illuminating and instructive," but would state further that Preiser and subsequent interpretations by the Supreme Court and this Circuit are controlling and determinative of this argument. While there is no definitive list of situations constituting "the core of habeas corpus," we are satisfied that as here, where the root of the action is an attack on the petitioner's detention, that is, his allegedly illegal confinement at a federal correctional institution, habeas is the appropriate means of redress, regardless of whether the original conviction is the basis of the claim. Moreover, we are persuaded by the view taken in Chatman-Bey v. Thornburgh, 864 F.2d 804, 806–10 (D.C. Cir. 1988) (in banc), where nine of

---

[5] We pause further to note, that whether Joseph's pleadings establish a "clear and indisputable" right to the writ, that is, a duty owed or a right denied or violated, is not addressed by the dissent. Rather, the dissent concludes that "the appellant claim is one for injunctive relief . . . , to seek a reversal of his transfer to a stateside facility, because at that facility, he will suffer irreparable harm, including but not limited to personal injury." Indeed, the dissent states that "[a]ppellant further *intimated* that he *anticipates* being victimized by prison violence, if he is returned (sic) to a mainland prison facility." (Emphasis added). We disagree with this argument. The Supreme Court's decision in Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), followed by this Circuit in Benshaw v. Fenton, 635 F.2d 239, 246 (3d Cir. 1980), establishes the rule that the Due Process Clause in and of itself does not protect a duly convicted prisoner against transfer from one institution to another. "That life in one prison is much more disagreeable than another does not in itself signify that a Fourteenth Amendment Liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules." Benshaw, 635 F.2d at 246 (quoting 427 U.S. at 224–25).

eleven participating judges, speaking through Judge Starr stated that where "habeas is an available and potentially efficacious remedy, it is clear beyond a reasonable doubt that mandamus will not appropriately lie." Id. at 806. This position was adopted implicitly by the Third Circuit in Barden v. Keohane, 921 F.2d 476, 479, n. 5, where after specific reference to Chatman-Bey, the panel stated that "[i]n light of our decision that Barden is entitled to a writ of habeas corpus, we need not decide whether mandamus would be available if habeas were not."

B. *Overview of Habeas Corpus Jurisdiction in the Virgin Islands*

 We turn now to the question of the appropriate forum for resolution of Joseph's claims. Habeas corpus relief presents a different jurisdictional question in the Virgin Islands because the federal district court of the Virgin Islands is constitutionally distinct from other United States District Courts.[6] Therefore, not all the federal statutes which form the basis of habeas corpus relief in other jurisdictions have been construed to be applicable in this jurisdiction. Specifically, the District Court of the Virgin Islands, because it does not fall within the statutory definition of the term "district court" as used in 28 U.S.C. § 451 (1970), may not entertain a habeas motion brought pursuant to 28 U.S.C. § 2241, which would ordinarily govern habeas petitions challenging the actions of custodians. See Ali v. Gibson, 572 F.2d 971, 973 (3d Cir. 1978) (28 U.S.C. § 2241 cannot serve as a basis for habeas corpus jurisdiction in a suit brought in the District Court of the Virgin Islands, because the District Court for the Virgin Islands was not a "district court" within the meaning of that section.).

---

[6] Because the District Court of the Virgin Islands is not an Article III court, but rather is established under Article IV, § 3 of the United States Constitution which gives Congress plenary power to regulate, its general jurisdiction is congressionally mandated. Before amendment passed in 1984, the original jurisdiction of the District Court of the Virgin Islands extended to "causes arising under the Constitution, treaties and laws of the United States" and over certain actions and proceedings brought pursuant to local law. See, 48 U.S.C. § 1541 et seq. (1954), and section 22 of the Revised Organic Act of 1954, as amended by P.L. 98–454 (1984). The District Court of the Virgin islands, therefore, has the attributes of both a federal and territorial Court. After Amendment passed by Congress in 1984, original jurisdiction in the district court concurrent with that of the Territorial Court would be eliminated when jurisdiction is vested in the local courts of the Virgin Islands. See generally Estate of Thomas Mall, Inc. v. Territorial Court, 923 F.2d 258 (3d Cir. 1990).

In Ali, the panel for the Third Circuit Court of Appeals looked to Virgin Islands' law and held that pursuant to 5 V.I.C. § 1301, the District Court for the Virgin Islands could assert jurisdiction over the habeas corpus claim of a Virgin islands petitioner convicted on local crimes and incarcerated outside of the Virgin Islands.[7] The Ali court reasoned that because section 1301 does not specifically address the question of territorial limits on jurisdiction, the rule of Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973) applies, as opposed to the earlier rule stated in Ahrens v. Clark, 335 U.S. 188, 68 S. Ct. 1443, 92 L. Ed. 1898 (1948), which required territorial jurisdiction over the person detained for the exercise of habeas jurisdiction. Under the Braden rule the writ of habeas acts upon the custodian and not the prisoner. The Ali court determined that the District Court had jurisdiction over the application by virtue of the fact that the court had territorial jurisdiction over the custodian, the Commissioner of Public Safety. The District Court's dismissal of the action for lack of jurisdiction was thereby reversed.[8]

Of particular relevance to the action sub judice is the question the Ali court addressed in passing, but did not decide; that is, whether the Territorial Court had subject matter jurisdiction over habeas applications brought by prisoners sentenced and committed by the district court for local crimes. In Ali v. Gibson, the panel for the Third Circuit Court of Appeals noted that no other district court of the United States could exercise jurisdiction over habeas claims, which attack the execution of the sentence, brought by a prisoner sentenced under Virgin Islands law and incarcerated in a federal penitentiary. Moreover, the court went on to note that:

[7] The Ali court found decisional authority for this determination in United States ex rel. Leguillou v. Davis, 212 F.2d 681 (3d Cir. 1954), where an earlier Third Circuit Court of Appeals panel had held that a circuit judge could not exercise jurisdiction over an application for a writ of habeas corpus where it appeared that the defendant had not first sought relief from the court that sentenced him. Leguillou, 212 F.2d at 512. There, the court based its holding on the language of 28 U.S.C. §§ 2241 and 2255 and observed, in passing, that the language and application of 28 U.S.C. 2255 indicate that the District Court of the Virgin Islands is the exclusive forum for a habeas corpus petition.

[8] The Attorney General for the United States Virgin Islands Justice Department, in cooperation with the Bureau of Corrections, now has custody of individuals sentenced and committed under Virgin Islands Law. See, 5 V.I.C. § 4501 et seq., as amended, by Act No. 5265, § 402, Sess. L. 55 (1987).

unless the territorial court in the Virgin Islands has jurisdiction to hear the petitioners claims, which are directed against the Commissioner of Public Safety for the Virgin Islands, petitioner would be without a forum.

Ali v. Gibson, 572 F.2d at 556. Having concluded that the district court had jurisdiction over the petition, and therefore the petitioner was not left remediless, it was not necessary for the Ali court to answer the question of the Territorial Court review power over such habeas proceedings. However, in two later footnotes the Ali court again noted the limited avenues available to prisoners committed to custody by the District Court of the Virgin Islands seeking habeas review and suggested that the Virgin Islands legislature and the United States Congress consider enacting legislation addressing this particular issue. Subsequent revisions to the Organic Act by Congress and to the Virgin Islands Code by the Legislature of the Virgin Islands left sections 1301 et seq., the Virgin Islands' habeas statutes, unaltered.

More recently, in Bennett v. Soto, 850 F.2d 161 (3d Cir. 1988), a similar question was raised indirectly before the Third Circuit Court of Appeals. The petitioner in Bennett, sentenced and confined by the district court on local crimes, filed a pro se habeas corpus application pursuant to 28 U.S.C. §§ 2241 and 2255, in the District Court of the Virgin Islands. Bennett's plea for relief challenged the decision of the Virgin Islands Parole Board revoking his parole. The Third Circuit Court of Appeals found that because Bennett was not challenging the lawfulness of his sentence, "it was error to treat his claim as one falling under the ambit of section 2255." Bennett v. Soto, 850 F.2d at 163. In Bennett, the Third Circuit reaffirmed its earlier holding in Ali that, since the Congress of the United States made no parallel amendment to § 2241 to make that section applicable in the district courts in the territories and possessions of the United States, the District Court of the Virgin Islands lacks statutory authority to entertain Bennett's attack on the execution of his sentence under 28 U.S.C. § 2241. Again, the Third Circuit looked to local law and found that the petitioner had stated a valid claim under 5 V.I.C. § 1301, and remanded the petition to the district court for consideration under section 1301.[9] However,

---

[9] The court also announced that "[b]ecause Bennett is proceeding pro se, his petition for habeas corpus must be construed liberally as having sought relief

once again, the Third Circuit Court of Appeals was faced with yet another question left open by Virgin Islands Law, that is, whether in every habeas case production of the petitioner is required. The Bennett court concluded that "[a] reasonable construction of sections 1304 and 1309 in tandem leaves some discretion in the district court to determine whether production of the petitioner is required." Bennett v. Soto, 850 F.2d at 164. However, the Third Circuit once again suggested, in a footnote, that the legislature should consider enacting legislation "embodying rules comparable to those governing habeas cases pending in the United States District Courts." Bennett v. Soto, 850 F.2d at 164 n.2. Thus, while jurisdiction over these habeas applications was treated as being vested in the district court, dicta in these cases strongly suggest that there may be instances where the district court should defer to the territorial court on certain habeas proceedings. Id. at 557 nn. 7–8.

■ In the instant appeal we are faced squarely with the question indirectly raised and not answered in Ali v. Gibson, whether the Territorial Court for the Virgin Islands has power to review habeas petitions of prisoners serving sentences for local crimes, but tried, convicted and committed by the district court acting within its capacity of a local territorial court. As stated previously, under Virgin Islands' law the authority to grant writs of habeas corpus is expressly vested in the district court. See 5 V.I.C. § 1303. Hence, the petitioner's contention in this case that the plea for relief is a civil action for declaratory and injunctive relief, an obvious attempt to avoid application of IA V.I. Code Ann. tit. 5, § 1303 (1967), which, as stated correctly by the government, vests the District Court (and not the Territorial Court) with the authority to issue writs of habeas corpus. The government argues that because this is a habeas petition the Territorial Court lacks jurisdiction over this matter which properly belongs in the District Court. However, counsel for petitioner maintains that because the petition is a civil matter, the Territorial Court has jurisdiction pursuant to Title 4 V.I.C. § 76, and Title 4 V.I.C. § 83.

■ There is no question that at the time the petition was filed, the Territorial Court had concurrent jurisdiction with the District Court over all local civil matters not involving a monetary amount

under the only statute available to him, the Virgin Islands habeas corpus statute.)" Bennett v. Soto, 850 F.2d at 163.

in excess of $200,000.00.[10] We note also, that as of October 1, 1991, the Territorial Court for the Virgin Islands' civil jurisdiction reaches all civil actions including matters at law or equity, brought in the district of the Virgin Islands, except, of course, those actions in which exclusive jurisdiction is in the District Court for the Virgin Islands. Albeit a special or extraordinary remedy, there is no serious dispute that the nature of a petition for a writ of habeas corpus is civil. However, because there is no Virgin Islands statute which gives the Territorial Court specific authority to issue writs of habeas corpus, we must look to habeas corpus jurisprudence as it has developed at common law for this authority.

In his opinion, the trial judge conceded that express authority to grant writs of habeas corpus is vested in the District Court for the Virgin Islands by 5 V.I.C. § 1303. However, the trial judge contended, the grant is not exclusive. The lower court found that section 1303, because it was enacted in a period when the District Court of the Virgin Islands had greater jurisdiction vis-a-vis the other local courts of the territory, was "anachronistic and obsolete." Memorandum Opinion Civil No. 1988/995 at 4. Further, the court stated that section 1303 was impliedly repealed by the 1977 enactment of 4 V.I.C. § 83 which states

Procedure; rules and writs

The practice and procedure in the territorial court shall be as prescribed by rules adopted by the district court. Subject to the approval of the district court, the territorial court may from time to time prescribe rules for the conduct of its business consistent with law . . . and *may issue all writs and make all orders necessary or appropriate* and agreeable to the usages and principles of law. (emphasis added)

The trial judge read 4 V.I.C. § 83 as conferring upon the Territorial Court an independent grant of original jurisdiction, and relied on case law wherein the territorial court asserted the authority to issue

---

[10] Title 4 V.I.C. § 76(a) states as follows:

Concurrent Jurisdiction

(a) The territorial court shall have original jurisdiction concurrent with that of the district court in all civil actions wherein the matter of controversy exceeds the sum of $500 but does not exceed the sum of $200,000;

extraordinary writs as supporting this interpretation.[11] Hence, the trial judge's conclusion that authority of the Territorial Court to issue the writ of habeas corpus in this case emanates from 4 V.I.C. § 83. This construction of 4 V.I.C. § 83 underlies the trial judge's acceptance of the petitioner's formulation of the petition, as a motion for declaratory and injunctive relief. Noting as settled the principle that the "term 'civil action' is universally construed to include both actions at law and suits in equity,"[12] and relying on the broad grants of jurisdiction accorded the Territorial Court by the Virgin Islands Legislature in Title 5 V.I.C. §§ 76 and 83, the lower court found the petitioner's plea for relief to be squarely within its general equitable jurisdiction. The lower court then concluded that there is no "jurisdictional impediment" to its entertainment of the action.

■■■ The Territorial Court's conclusion that it had jurisdiction over this matter was premised on its interpretation of 4 V.I.C. § 83 as providing an independent grant of jurisdiction which removed the "impediment" of 5 V.I.C. § 1303. This is a misconception. As the very cases relied on by the Territorial Court make clear, the language of 4 V.I.C. § 83 tracks the Federal All Writs Act, 28 U.S.C. § 1651, which has been interpreted at common law as not providing an independent grant of jurisdiction to a court, but as merely permitting a court to issue writs in aid of its jurisdiction, to grant relief. See Bryan v. V.I. Water and Power Authority, 22 V.I. 48, 53–54 (D.V.I. 1986) (quoting Telecommunications Research and Action v.

---

[11] See e.g., In re Loubriel, 6 V.I. 542 (D.V.I. 1967) (where the Municipal Court (now the Territorial Court) asserted the authority to issue a writ of habeas corpus in aid of its jurisdiction to determine the question of custody of a minor). The Loubriel court reasoned that the case was within its jurisdiction "pursuant to 4 V.I.C. § 172(3), which gives to the Municipal Court, . . . , jurisdiction to hear and determine matters of custody of children under the age of 18 years living in the Virgin Islands." In re Loubriel, 6 V.I. at 548. The action already being within its jurisdiction, "authority for the issuance of the writ of habeas corpus is contained in 4 V.I.C. § 77 (now 4 V.I.C. § 83), which confers upon the Municipal Court jurisdiction to issue writs in aid of its jurisdiction." Id.

[12] See Homer v. Lorillard, 6 V.I. 558, 571 (D.V.I. 1967). There, the Municipal Court of St. Croix (now the Territorial Court) stated that its authority to issue mandatory injunctions formerly available by writs of mandamus was derived from the Legislature intention to create "a court of record, having general jurisdiction in both law and equity within its monetary limits concurrently with the District Court." Id. at 572–74; construing 4 V.I.C. § 74, amended and reenacted as 4 V.I.C. § 76(a).

Federal Communications Committee, 750 F.2d 70, 76 (D.C. Cir. 1984)) (citing Stern v. South Chester Tube Co., 390 U.S. 606, 608, 88 S. Ct. 1332, 1333, 20 L. Ed. 2d 177 (1968)). We conclude from these cases, and the decisional authority on which they rely that, properly construed, 4 V.I.C. § 83 does not provide the Territorial Court with independent habeas jurisdiction, but merely allows the court to issue writs ancillary to its jurisdiction in civil and criminal matters. Accordingly, absent legislative mandate, we are reluctant to say, that 5 V.I.C. § 1303 was repealed impliedly, and therefore under the laws of the Virgin Islands subject matter jurisdiction exists in the Territorial Court to issue a writ of habeas corpus in this case which involves the post-conviction treatment of a prisoner not sentenced under its auspices.

Furthermore, under section 83 it is not the petitioner's ingenuity in styling his request for relief that confers power to grant a writ—it is the necessity of the writ for the exercise of the court's jurisdiction. Joseph, the petitioner here, was tried, convicted, and sentenced by the district court on eight counts of murder to eight consecutive life sentences, a maximum sentence well in excess of 15 years. At this time, the Territorial Court for the Virgin Islands does not have original jurisdiction over such local crimes. See V.I. Code, Ann., tit. 5, § 76(b).[13] Since jurisdiction over this matter did not already exist in the territorial court, we believe that the second requirement of section 83, which is a limitation on the earlier sweeping grant of power, was not met.

 We do not mean to imply by our conclusion that we read literally section 1303's express grant of jurisdiction to the District Court to issue writs of habeas corpus. Like the Third Circuit Court of Appeals, we are convinced that the habeas statute in the Virgin

---

[13] In accordance with Congress' amendment to the Revised Organic Act of the Virgin Islands, 48 U.S.C. § 1541 et seq. (1954), passed in 1984, and codified at 48 U.S.C. 16 § 1611 et seq., the Virgin Islands Legislature acted to vest in the Territorial Court original jurisdiction over criminal cases "wherein the maximum sentence does not exceed imprisonment for 15 years or a fine as prescribed by law." V.I. Code Ann., tit. 5, § 76(b). By this enactment, the Virgin Islands Legislature divested the District Court of the Virgin Islands of all local criminal matters, except for those criminal matters involving a sentence of 15 years or more. On September 17, 1991, by Act No. 5719, subsection (c) of Section 107 of Act 5206, codified at 5 V.I.C. § 76(c) was again amended to postpone the effective date of expanded jurisdiction over local criminal actions in the Territorial Court to October 1, 1992.

Islands needs to be modified to reflect the reforms to the court system and the expansion in jurisdiction of the Territorial Court.[14] Inasmuch as the reforms have expanded the jurisdiction of the local court, we acknowledge the inherent authority of the Territorial Court to act, that is, to issue writs of habeas corpus as the most appropriate forum (if not the exclusive forum) with respect to prisoners who have been sentenced and confined by that court pursuant to its expanded jurisdiction under the laws of the Virgin Islands. Likewise, we are persuaded, that as the law now stands and until jurisdiction over such crimes is vested in the local judicial system,[15] that the district court acting in its capacity of a local territorial court pursuant to 48 U.S.C. § 1612(b) and (c), 5 V.I.C. §§ 76(b) and 1303 is the most appropriate forum, if not the exclusive forum, to act with respect to habeas petitions by prisoners convicted, sentenced and confined by the district court on local crimes.

In reaching this conclusion we found guidance in the analysis by the United States Court of Appeals for the District of Columbia in McCall v. Swain, 510 F.2d 167 (D.C. Cir. 1975).[16] There, that court

[14] In this regard, Congress and the Virgin Islands Legislature may consider modifying the Virgin Islands habeas statute along the lines of the District Court of Columbia Habeas Statute which is codified at 16 D.C. Code § 1901 (1973) which provides that certain habeas petitions "shall" be filed in the District Court, while others "shall" be filed in the Superior Court (the court of exclusive local jurisdiction).

[15] In Estate of Thomas Mall, Inc. v. Territorial Court of the Virgin Islands, 923 F.2d 258 (3d Cir. 1991) it was held that the District Court of the Virgin Islands was not divested of its concurrent jurisdiction over local civil and criminal actions until such jurisdiction is vested by local law in the local courts.

[16] We recognize, of course, that though both the District Court of the District of Columbia (Article I court) and the District Court for the Virgin Islands (Article IV) are not Article III courts, that is, created pursuant to Article III, the court systems are not identical in that the federal courts for the District of Columbia are considered "district court" with respect to federal habeas statutes. See generally Palmore v. United States, 411 U.S. 388, 398, 403 (1972).

However, the District of Columbia has a two-tier Judicial system, comprising of one, the United States District Court for the District of Columbia and the United States Court of Appeals for the District of Columbia, and a second system made up of strictly local courts, the Superior Court and the District of Columbia Court of Appeals, similar to that established in the Virgin Islands. Before the Court Reform Act of 1970, and thus before McCall was decided, the District Court for the District of Columbia functioned as both a local and federal court with respect to certain local crimes, in a similar fashion to that of the District Court of the Virgin Islands. See McCall v. Swain, 510 F.2d at 183–84.

was required to construe the statutes reforming the judicial system for the territory of the District of Columbia and to decide whether "the United States District Court for the District of Columbia or the Superior Court of the District of Columbia ha[d] *habeas corpus* jurisdiction over an individual sentenced for local crimes by the district court, when the habeas petition challenges the constitutionality of a local prison's administrative decision to transfer the petitioner to a maximum security confinement." McCall v. Swain, 510 F.2d at 169. We recognize, of course, that statutory construction of the laws of the District of Columbia cannot be adopted wholesale as the statement of the law in the Virgin Islands. However, because of the similarities with respect to the expansion of jurisdiction of the Territorial Court vis-a-vis the District Court of the Virgin Islands and the Superior Court vis-a-vis the District Court of the District of Columbia, we find persuasive that court's reasoning that:

> Although local courts existed prior to the Court Reform Act,* Congress had deliberately chosen to invest the federal courts with the responsibility of trying local crimes.**
>
> . . .
>
> [The petitioner] was tried, convicted, sentenced, and resentenced by the District Court in furtherance of this congressionally mandated responsibility. That federal court issued the order under which the Attorney General (for the District of Columbia) assumed custody of and responsibility for appellee, a responsibility which he subsequently delegated to [the District of Columbia Department of Corrections]. In accepting custody of appellee, the Attorney General was acting as officers of the District Court, . . . and it would be strange indeed if that court could not effectuate its review of their actions via a writ of habeas corpus. Thus, had the Court Reform Act never been enacted, it would be clear that appellee could petition the Dis-

---

\* The Superior Court constitutes a consolidation of the former District of Columbia Court of General Sessions, the Juvenile Court of the District of Columbia, and the District of Columbia Tax Court, see Court Reform Act § 11, 84 Stat. 482, codified at 11 D.C. Code § 901 (1973) as well as a replacement of the District Court with respect to most local matters previously handled by the latter court.

\*\* Before the Court Reform Act the District Court had exclusive jurisdiction of all felonies (except juveniles retained by the Juvenile Court) and concurrent jurisdiction with the District of Columbia Court of General Sessions, see note [*] supra, over all misdemeanors.

313

trict Court for the writ which he in fact sought, . . . . It is simply anomalous to suggest that a court, . . . , could be precluded from exercising continuing oversight of the manner in which individuals it commits to custody are treated. . . . [W]e believe Congress intended that the District Court continue its supervisory role with respect to individuals it sentenced, whether for local crimes or federal crimes.

McCall v. Swain, 510 F.2d at 183–84.

Under the habeas statute applicable in McCall v. Swain habeas jurisdiction, depending on the action, was exclusively vested in either the District Court or the Superior Court, quite unlike 5 V.I.C. § 1303 which vests habeas jurisdiction only in the District Court. It is worth noting, that even after the reforms which transferred all, not some, "local" jurisdiction to the Superior Court for the District of Columbia, habeas jurisdiction over petitions as raised in McCall were considered to be under the continuing supervision of the United States District Court. Cf. United States v. Frady, 456 U.S. 152, 160, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982) (the District of Columbia Court Reform and Criminal Procedure Act "did not alter the jurisdiction of the federal courts in the district to hear postconviction motions and appeals brought under § 2255, either by prisoners like Frady who were convicted of local offenses prior to the Act, or by prisoners convicted in federal court after the Act)."

## III. COMITY

Appellant argues that the Territorial Court erred, as a matter of law, in declining jurisdiction and dismissing the petition. Appellant maintains that since there was no other proceeding pending, there was no reason for the Territorial Court to defer and the case should not have been dismissed. The trial Judge, in the decision below, relied on the principles of comity in deferring to the District Court. The trial judge stated that "[t]he Court must stretch somewhat the traditional notions of comity in order to justify declining to exercise jurisdiction in this instance." Memorandum and Opinion, Civil No. 1988/995 at 6. Nonetheless, the trial judge reasoned, that in light of the complex history of the initial criminal action, the multiple decisions spawned, "judicial economy and practicality require that Joseph seek redress in the District Court." Id. at 7.

In view of our conclusion that the Territorial Court did not have jurisdiction to issue the writ of habeas in this instance, it has be-

come unnecessary for us to consider the question of whether that court was correct in applying the doctrine of comity to dismiss the petition.

## IV. CONCLUSION

■ For the foregoing reasons, the Order of the Territorial Court dismissing the petition for habeas corpus is AFFIRMED.

SWAN, dissenting

Appellant Rafael O. Joseph, a pro se litigant, filed suit in the Territorial Court, seeking to enjoin and restrain local officials of the Bureau of Corrections, from transferring him from the Golden Grove Prison facilities on St. Croix to the federal prison facilities at Lampoc, California. Appellant couched his suit as a petition for a "Writ of Habeas Corpus." Subsequently, the trial court appointed counsel for Appellant to represent him in this matter.

In his brief, Appellant's counsel reiterated and made it exceedingly clear that Appellant does not challenge his conviction, his present incarceration, confinement, or restraint nor does he challenge his sentence. Rather, the focus or primary claim of Appellant, despite its original designation by Appellant in his initial complaint, is injunctive relief against the local prison officials' action of transferring him to Lampoc, California. Moreover, this suit would not have been filed, if Appellant was allowed to remain incarcerated, confined and restrained in the local Golden Grove prison facility on St. Croix. Therefore, it was the act of Appellant being transferred to an off-island facility that prompted the filing of the suit as he sought to prevent his transfer. Appellant expects to be confined and incarcerated, but it is the location of his confinement and incarceration and not the legality of his confinement or incarceration that is the real issue. Therefore, it is of significant importance that the case be properly posited, so that the issue can be placed in proper perspective.

As was made abundantly clear, Appellant is not a lawyer but was a pro se litigant at the inception of his suit. Therefore, his complaint is not expected to have neither the artfulness nor the distinguishing legal nuances of a complaint drafted by an experienced attorney. Nonetheless, all pleadings shall be construed as to do substantial justice. See, Rule 8(f), Federal Rules of Civil Procedure and Wright and Miller, Federal Practice and Procedure; Section 1286. Further, it is not the designation assigned a claim by a liti-

315

gant, but rather the substance of the allegations and the relief that the litigant seeks that are determinative of the nature of the suit.

Additionally, after counsel was appointed for the Appellant, counsel succinctly stated the nature of the case in his memorandum of law filed with the trial court and made a part of the appeal appendix. It states at page A-44:

> "As properly construed, plaintiff's pro se pleading should be considered a civil action filed against officials of the Virgin Islands Government in their official capacity seeking the following remedies:
>
> (a) That his prison file be corrected by the expungement of erroneous information; and
>
> (b) That defendants/respondents be ordered to transfer plaintiff/petitioner to the Golden Grove Correction Facility to serve the remainder of his sentence pending any change of condition which would otherwise justify his transfer pursuant to 5 V.I.C. 4503(c)."

Similarly, the trial court placed the suit in proper perspective when it stated the following in its opinion: "However, Joseph does not question either his conviction or his sentence. He seeks neither release nor reduction in sentence. Rather, he attacks what he claims was his impermissible transfer from a Virgin Islands institution to a stateside penitentiary. Indeed, his current position, advocated through counsel, is that his pro se pleading not be viewed as a true habeas corpus petition."

Despite the above, much time was expended in addressing the issues of whether the trial court had jurisdiction over a suit for a petition for habeas corpus and the merit of Appellant's claim for such a writ. Therefore, I will address the matter of the writ of habeas corpus only to demonstrate its inapplicability in this case.

Appellees moved to dismiss the suit, asserting inter alia, that the Territorial Court lacked jurisdiction to hear a suit for a writ of habeas corpus. The trial court, however, ruled that it had jurisdiction to hear the application for a writ of habeas corpus but declined to exercise its jurisdiction. Therefore, this appeal followed.

Based upon legal precedent, it is clear that if the local courts, District or Territorial, have jurisdiction to hear an application for a writ of habeas corpus, that authority is not based on federal law, because it has already been determined that the local District Court is not a District Court for purposes of 28 U.S.C. Sec. 2241(a) (1970),

the statutory mandate for a Federal writ of habeas corpus. See, Ali v. Gibson, 572 F.2d 971 (3d Cir. 1978). Rather, the only statutory grant of authority providing for a writ of habeas corpus by local courts is the local statute as codified in 5 V.I.C. 1301, et seq. See, Bennett v. Soto, 850 F.2d 161 (3d Cir. 1988).

Accordingly, two things become crucial. First, in asserting a claim for a writ of habeas corpus in the local courts, the language of Title 5 V.I.C. 1301 et seq., and its intent govern the claim. Second, it does not matter, as has been suggested, that Federal Courts may have expanded the traditional use or applicability of a writ of habeas corpus, because the federal habeas corpus statute is inapplicable to local cases.

The unequivocal language of section 1301 supra, entitled "Right to Writ of Habeas Corpus," enumerates the parameters for seeking a writ of habeas corpus under local statute. It states:

"Every person unlawfully imprisoned or restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment or restraint."

A situation of being "unlawfully imprisoned or restrained" is the cornerstone for granting a writ of habeas corpus under local law.

Additionally, when one reads the ambiguous language of the pertinent sections of the local habeas corpus statute, namely sections 1302, 1311 and 1312 of Title 5, it is obvious that the local statute uses such words as "imprisoned or restrained", "confined or restrained", and ". . . allege any fact to show either that his imprisonment or detention is unlawful, or that he is entitled to his discharge." Therefore, the unavoidable conclusion is that the local habeas corpus statute was promulgated to address the traditional and conventional purposes for a writ of habeas corpus, i.e., to challenge the legality of restraint or imprisonment, or to challenge the legality of a sentence which has resulted in the petitioner being restrained, incarcerated or imprisoned. This is the intent and purpose of the local habeas corpus statute. But, Appellant does not challenge any of those circumstances, and he has continuously maintained that posture throughout this litigation by eschewing any claim which impinges on those circumstances.

I am not unmindful of what the Third Circuit Court of Appeals explained in Ali, supra, concerning a writ of habeas corpus being used by a prisoner to contest his transfer to a prison facility outside

the Virgin Islands. It must be remembered, however, that the Ali suit raised a plethora of issues and contentions not present in this case. What is significant, however, is the Appellate Court's recognition of the dichotomy of the Ali complaint in which the court states:

"In addition to the habeas corpus petition, petitioner also asked for injunctive relief to be entered and for an order to transfer him back to the Virgin Islands." Ali, 572 F.2d at 972.

Furthermore, Appellant's suit cannot be a suit for a writ of habeas corpus, because the allegations in his complaint are not based on his being "unlawfully imprisoned or restrained of his liberties." This posture is buttressed by Pierre v. United States, 525 F.2d 933 (5th Cir. 1976), in which the Court said that a writ of habeas corpus is not available to review questions unrelated to the cause of detention.

In commenting on the nature of a writ of habeas corpus, the Pierre court further stated, "Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose. While it is correctly alluded to as the Great Writ, it cannot be utilized as a base for the review of a refusal to grant collateral administrative relief or as a springboard to adjudicate matters foreign to the question of the legality of custody." Even more illuminating and instructive on the purpose of a writ of habeas corpus is the following language in Praiser v. Rodriguez, 411 U.S. 475, 484 (1973):

". . . from the common law history of the writ, . . . the essence of habeas corpus is an attack by a person in custody, and that the traditional function of the writ is to secure release from illegal custody . . . . Whether the petitioner had been placed in physical confinement by [an] executive director alone, or by order of a court, or by private parties, habeas corpus was the proper means of challenging that confinement and seeking release . . . . But, over the years, the writ of habeas corpus evolved as a remedy available to effect discharge from any confinement contrary to the Constitution or fundamental law, even though imposed pursuant to conviction by a court of competent jurisdiction. . . ."

After citing approximately thirteen cases from 1874 to 1972, the year before the case was decided, and in further commenting on the utilization of the writ of habeas corpus, the Supreme Court fur-

ther stated: ". . . in each case his grievance is that he is being unlawfully subjected to physical restraint and in each case habeas corpus has been accepted as the specific instrument to obtain release from such confinement." Praiser, 411 U.S. at 486.

Therefore, I conclude that despite what was the original designation of the suit by Appellant when he was proceeding pro se, I find that his cause of action was not only misconstrued and mislabeled, but also that a writ of habeas corpus is not what he really seeks.

I find that the essence, focus, and underpinning of Appellant's claim is one for injunctive relief, i.e., to prevent his transfer or to seek a reversal of his transfer to a stateside prison facility, because at that facility, he will suffer irreparable harm, including but not limited to personal injury. Appellant further intimated that he anticipates being victimized by prison violence, if he is returned to a mainland prison facility.

Therefore, I find that Appellant's claim, while couched as an application for a writ of habeas corpus by a pro se litigant, is in actuality a claim for injunctive relief. A prisoner seeking injunctive relief to enjoin his transfer has already been addressed in other jurisdictions. For example, in Matta-Ballesteros v. Henman, 697 F. Supp. 1036 (S.D. Ill. 1988), the court recognized the vehicle of injunctive relief to enjoin a prisoner's transfer; however, the petitioner failed on the merits of his claim when he did not meet the prerequisites for injunctive relief. In Smith v. Keohane, 491 F. Supp. 626 (W.D. Okla. 1979), the court stated that a petitioner who filed a pro se action denominating it a petition for a writ of habeas corpus but "where the pleadings made it apparent that the relief he sought was in the nature of injunctive relief, his petition would be addressed as seeking injunctive relief. . . ." Having found that the Appellant's claim is one for injunctive relief, I conclude that the Territorial Court has jurisdiction to hear the case pursuant to 4 V.I.C. 76. See also, Richards v. Election Committee of St. Thomas-St. John, 13 V.I. 531 (Terr. Ct. St. T. and St. J. 1977); Bryan v. V.I. Water and Power Authority, 22 V.I. 48 (Terr. Ct. St. T. and St. J. 1986).

It matters not which court sentenced Appellant or in which court he was tried in the criminal case which resulted in his incarceration, because these issues were resolved approximately two decades ago. Appellant's claim is a new and distinct suit which has absolutely nothing to do with his criminal trial, his conviction, or his sentencing1 neither of which he challenges in this suit. The case

is simply a matter of whether Appellant has stated a cause of action for injunctive relief to enjoin local prison officials from transferring him to the mainland, and whether the Territorial Court in which the case was filed has jurisdiction to hear the claim.

Having concluded that the Territorial Court has jurisdiction to hear Appellant's claim for injunctive relief, I would remand the case to the trial court for a hearing on the merits of Appellant's claim.

Accordingly, for the above enumerated reasons, I DISSENT.

## JUDGMENT OF THE COURT

THIS MATTER came before the Court on the appeal of Raphael O. Joseph from the November 21, 1990 order of the Territorial Court of the Virgin Islands. The Court having filed its opinion of even date herewith, and the premises considered, now therefore it is

ORDERED and ADJUDGED:

THAT the judgment of the Territorial Court of the Virgin Islands is hereby AFFIRMED.