**HORACE M. LEWIS, et al., Plaintiffs**
**v.**
**LEGISLATURE OF THE VIRGIN ISLANDS, MERCHANTS MARKET,**
**et al., Defendants**

Civil No. 563/2001

Territorial Court for the Virgin Islands

Division of St. Thomas and St. John

January 24, 2002

ROSALIE SIMMONDS BALLENTINE, ESQ., St. Thomas, U.S. Virgin Islands, *Attorney for Plaintiffs*

YVONNE THARPES, ESQ., St. Thomas, U.S. Virgin Islands, *Attorney for Defendant Legislature*

Department of Justice, (Denise George-Counts, Esquire), St. Thomas, U.S. Virgin Islands, *Attorney for Defendants DPW and DPNR*

Dudley, Clark & Chan, LLP, (Adriane J. Dudley, Esquire), St. Thomas, U.S. Virgin Islands, *Attorneys for Defendant Merchants Market*

HODGE, *Judge*

## MEMORANDUM AND ORDER

(January 24, 2002)

Before the Court is the Legislature of the Virgin Islands' Motion to Dismiss and for Summary Judgment. In support of its motions, the Legislature of the Virgin Islands maintains that it is absolutely immune from civil suit for its purely legislative actions. For the reasons set forth below, the Legislature's Motion to Dismiss and for Summary Judgment shall be GRANTED.

## I. FACTS

On January 27, 1999, the owner of Parcel No. 8-A REM Smith Bay, St. Thomas, Virgin Islands petitioned the Legislature of the Virgin Islands to rezone his property so that Merchants Market could buy the parcel and construct a new warehouse facility thereon. As the agency responsible for administering local zoning laws, the Department of Planning and Natural Resources ("DPNR") conducted a hearing in connection with that petition on October 25, 1999. Thereafter, the

Twenty-third Legislature met in Committee of the Whole on January 21, 2000 to consider, among other things, the rezoning petition.

At the committee hearing, the DPNR presented its report and findings to the Legislature, and recommended against rezoning the property. In addition, the Plaintiffs were permitted to testify against the proposed rezoning. Six of the seven senators voting at the meeting voted to support the DPNR and to deny the rezoning. (Compl. ¶18).

Subsequently, at a Regular Session of the Legislature held on September 18, 2000, an amendment to Bill No. 23-0250 was introduced. That proposed legislation would grant a zoning variance from R-3 (residential medium density) to the property "for the purpose of constructing a wholesale trade storage and warehouse on the subject property." The Bill was passed on September 19, 2000 and the legislation was signed into law by the Governor as Section 5 of Act No. 6360.

Within two months, Defendant Merchants Market completed its purchase of the property. Merchants Market obtained permits from the DPNR and the Department of Public Works, and commenced groundbreaking in August 2001.[1] Thus, although a warehouse would not usually be permitted in a residential area, zoned R-3, the Merchants Market construction began. Nonetheless, Plaintiffs—all of whom own property within 150 feet of Parcel No. 8-A—commenced this action in an effort to prevent further development. In response, the Legislature has filed its Motion to Dismiss.

## DISCUSSION

The facts of this case are essentially undisputed, and the parties agree that this matter can be resolved on the pleadings. The existence or non-existence of absolute immunity is a purely legal question, *In re: Montgomery County*, 215 F.3d 367 (3d Cir. 2000); however, inasmuch as the parties rely on documents beyond the pleadings, the motion shall be treated as one for summary judgment. Summary judgment is proper when there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56; *Celotex*

---

[1] Merchants Market was granted a Driveway Permit on July 25, 2001 and an Earth Change Permit on July 26, 2001. However, these permits were rescinded on August 20, 2001 for reasons unrelated to the validity of the variance. (Compl. ¶33).

*Corp. v. Catrett*, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)).

■■ There is no dispute that the Legislature of the Virgin Islands has the authority to enact zoning laws as an exercise of its police power.[2] It is further undisputed that, when the Legislature determines matters of general zoning policy, its actions are clearly legislative and are not subject to judicial review.[3] This is because legislators are absolutely immune from judicial interference—they have a "right not to stand trial". *Eastland v. United States Servicemen's Fund*, 421 U.S. 491, 95 S. Ct. 1813, 44 L. Ed. 2d 324 (1975); *Supreme Court of Virginia v. Consumers Union of the United States*, 446 U.S. 719, 100 S. Ct. 1967, 64 L. Ed. 2d 641 (1980); *Powell v. Ridge*, 247 F.3d 520 (3d Cir. 2001).

On the federal level, the speech or debate clause of the federal constitution immunizes Congressmen from suit absolutely. *Eastland*, 421 U.S. at 502. This immunity also functions on the state and local levels, and the common law immunity afforded state legislators is similar to that enjoyed by federal Congressmen. *Consumers Union*, 446 U.S. at 732 (citing *Tenney v. Brandhove*, 341 U.S. 367, 71 S. Ct. 783, 95 L. Ed. 1019 (1951)); *In re: Montgomery County*, 215 F.3d 367 (3d Cir. 2000). This immunity applies whether the action is one for damages or for

---

[2] Zoning regulations constitute a valid exercise of the police power when they are rationally related to the public health, safety or general welfare. *Grubel v. MacLaughin*, 286 F. Supp. 24 (D.V.I. 1968). Section 3 of the Revised Organic Act of the Virgin Islands, 48 U.S.C.A. § 1561, provides that private property may not be taken for public use without just compensation; however, the rights of property owners are always subject to valid exercises of the police power—under which "new burdens may be imposed upon property and new restrictions placed upon its use". *Id.*

[3] Although they appear to concede legislative immunity for legislative acts, Plaintiffs cite the unpublished opinion, *Benner Cove Assoc. v. Legislature of the Virgin Islands*, Civ. No. 1988-305 (Order of October 16, 2000) for the proposition that "actions of the Legislature may be reviewed for due process violations." (Opp'n at 4). In *Benner Cove*, the court addressed whether a district court could review the actions of the Legislature pursuant to 12 V.I.C. § 913(d), which provides that review may be sought where a person is aggrieved by the granting or denial of an application for a costal zone permit. Upon review of the relevant statute, the Court found that "the Court may not review any decision of the Legislature" and that any scope of review permitted by the relevant statute would be limited to due process violations. *Id.* at 3.

165

prospective equitable relief. *Consumers Union*, 446 U.S. at 732; *Tolman v. Finneran*, 171 F. Supp. 2d 31 (D. Mass. 2001).

The purpose underlying common-law legislative immunity is to ensure that the legislature can perform its functions freely and without the fear of outside influence. *Consumers Union*, 446 U.S. at 731. It prevents "intimidation of legislators by the Executive and accountability before a possibly hostile judiciary." *Eastland*, 421 U.S. at 502; *Tenney v. Brandhove*, 341 U.S. 367, 372-5, 71 S. Ct. 783, 95 L. Ed. 1019 (1951)). Further, legislative immunity is much more than protection against liability. It frees legislators from the costs of litigation. It shields them against claims of unworthy motive or purpose. *Tenney*, 341 U.S. at 372-5 (courts may not inquire into the motives of legislators). Thus, the Supreme Court has determined that "legislators engaged in the sphere of legitimate legislative activity should be protected not only from the consequences of litigation's results but also from the burden of defending themselves." *Consumers Union*, 446 U.S. at 732 (internal citations and quotations omitted).

■ The Revised Organic Act is the Virgin Islands' analogue of a state constitution and serves as the basic charter of government in the territory. *Brown v. Hansen*, 27 V.I. 297 (D.V.I. 1992). Significantly, like the Federal Constitution, the Revised Organic Act dedicates different functions to different branches of the territorial government. In addition, the Court must highlight that the Organic Act, like the Federal Constitution, provides: "no member of the legislature shall be held to answer before any tribunal other than the legislature for any speech or debate in the legislature ...". Revised Organic Act of 1954, § 6(d), 48 U.S.C. § 1572(d), *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts and U.S. Constitution at 159-60 (1995) (preceding V.I. CODE ANN. tit. 1.). Therefore, this court must conclude that the considerations underlying common law and constitutional immunity, support a similar finding with respect to our lawmakers, the Legislature of the Virgin Islands.

In this case the Plaintiffs maintain that the Legislature, in granting the variance, was not acting in its "legislative capacity". Rather, they argue, "when the Legislature acts to apply general zoning policies to specific individuals ... its actions are no longer legislative, but are quasi-judicial and subject to judicial review." (Opp'n at 3). In support of this contention, Plaintiffs rely on several cases, which consider legislative

immunity as it relates to local or municipal zoning authorities.[4] However, Plaintiffs fail to recognize that the import of separateness between government branches is not the same on the local or municipal level as it is on the state or territorial level. *See Consumers Union*, 446 U.S. at 733 (the separation of powers doctrine justifies a broader privilege for federal Congressmen than for state legislators in criminal actions); *Larson v. Commonwealth*, 152 F.3d 240 (3d Cir. 1998) (concerns for separations of powers are at a minimum at the municipal level). That is because state or territorial legislatures exercise the entire police power of that government.

When called upon to determine whether an action performed by a municipal zoning authority is legislative for immunity purposes, the court must apply a two-prong test. First, the court must ask whether the action is "substantively legislative," that is, an action involving policymaking or line drawing. Second, the court must determine whether the action is "procedurally legislative", or one passed by means of established legislative procedures. *Larson*, 152 F.3d at 252 (3d Cir. 1998). However, this extensive analysis is only necessary when the Court is reviewing the actions of a local, or municipal actors and should not be extended to other levels of government. *Id.*

■ When the challenged action involves the consideration and passage of proposed legislation, in the Legislature, by our legislators, there can be no doubt that such action is purely "legislative." Under these circumstances, the relevant inquiry, for immunity purposes, is simply whether the activities took place during a session of the Legislature by its members in relation to the business before it. *Eastland*, 421 U.S. at 503. All of these factors are met in this case.[5]

---

[4] For example, *Riggs v. Township of Long Beach*, 109 N.J. 601, 538 A.2d 808 (N.J. 1988), explained that a court may declare an ordinance invalid where the municipality has not complied with the requirements of an enabling statute and, *Cooper v. Board of County Commissioners*, 101 Idaho 407, 614 P.2d 947 (1980) found that discretion of local zoning board should not be unlimited.

[5] Even if the Court were to apply the two-prong test, the result would be the same. Substantively, there can be no doubt that proposed legislation which is introduced before the Committee of the Whole, which is discussed and debated by our Senators, which is voted on, and which is subsequently signed into law is "Procedurally Legislative." *See Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760 (3d Cir. 2000) (act must be a legitimate, reasoned decision representing the will of the people). Further, the decision to grant the variance in this case

This immunity is not lost merely because the legislative body has passed a *de jure* law affecting only a single person. *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760 (3d Cir. 2000); *Acierno v. Cloutier*, 40 F.3d 597 (3d Cir. 1994) (*en banc*) (action not stripped of legislative nature merely because directed at one parcel) (abrogated in part by *Larson*, 152 F.3d at 252 (3d Cir. 1998)). Similarly, this absolute legislative immunity is not lost simply because the resulting legislative acts may later be found to violate a plaintiff's rights. *See Consumers Union*, 446 U.S. at 733-734 (there is "little doubt" that legislature would be immune even though code, in some respects, held invalid); *Tolman v. Finneran*, 171 F. Supp at 36 (citing *Nat'l Ass'n of Social Workers v. Harwood*, 69 F.3d 622 (1995)). Further, the technical violation of a statutory procedure does not convert a legislative action into an action to which immunity would not extend. *Acierno*, 40 F.3 at 614.

■ The court will not inquire into the legislative action at issue—namely, the consideration and passage of zoning legislation—even though the Plaintiffs contend that the variance is invalid.[6] Purely legislative actions are simply not subject to review by the judiciary. Therefore, in this case, the validity of the variance must be determined without subjecting the Legislature to litigation, and the Plaintiffs remedy against

---

involved policymaking and reflected our Senators' determination of what was in the best interest of the community. While considering whether to allow Merchants Market to build on the property, the Senator proposing the amendment noted:

"This amendment is all about economic development. Merchant's Market that has been in this community and serving it well for the past thirty-five years is looking to build a new building to house its employees and expand its services. ... They're now going to inject into this economy an additional two million dollars and employing additional employees. The good thing about Merchant's Market is that they have, as a small business, a retirement plan for their employees. They have health insurance, as well, and they're a nine-to-five operation. They have sent a number of young people to school here and continue to make significant contributions to our community." (Opp'n Ex. B). (September 19, 2000 transcript, comments of Senator Roosevelt St. C. David).

Thus, the action was "Substantively Legislative" as well.

[6] The court will consider whether the Plaintiffs make out a challenge against the legislation itself—that is, whether they can overcome the strong presumption of validity afforded legislative enactments. *See Grubel v. MacLaughin*, 286 F. Supp. 24 (D.V.I. 1968).

the Legislature "can be had at the polls." *Cooper v. Board of County Commissioners*, 101 Idaho 407, 614 P.2d 947 (1980). In light of the absolute legislative immunity afforded our Senators, the Legislature's Motion to Dismiss will be GRANTED.